﻿Citation Nr: AXXXXXXXX
Decision Date: 06/30/20 Archive Date: 06/30/20

DOCKET NO. 190628-46520
DATE: June 30, 2020

ORDER

Entitlement to vocational rehabilitation and employment (VR&E) benefits under the provisions of 38 U.S.C. Chapter 31 is dismissed.

FINDINGS OF FACT

1. A January 2020 Board decision denied the Veteran’s claim of entitlement to VR&E benefits under the provisions of 38 U.S.C. Chapter 31.

2. An April 2020 Board decision dismissed the Veteran’s claim of entitlement to VR&E benefits under the provisions of 38 U.S.C. Chapter 31.

3. A June 2020 VA decision granted the Veteran’s claim of entitlement to VR&E benefits under the provisions of 38 U.S.C. Chapter 31.

4. There are no other issues over which the Board may exercise appellate jurisdiction.

CONCLUSION OF LAW

There remains for appellate consideration no case or controversy with respect to the claim for entitlement to VR&E benefits under the provisions of 38 U.S.C. Chapter 31. 38 U.S.C. § 7105.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Navy from February 1994 to February 1995. 

The Board notes that an administrative decision was issued in November 2018. Subsequent to the Veteran’s timely notice of disagreement and issuance of a supplemental statement of the case in October 2019, in November 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). The Veteran selected the Direct Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Decision Review Request: Board Appeal (Notice of Disagreement) form. 

Entitlement to vocational rehabilitation and employment (VR&E) benefits under the provisions of 38 U.S.C. Chapter 31.

A January 2020 Board decision denied the Veteran’s claim of entitlement to vocational rehabilitation and employment (VR&E) benefits under the provisions of 38 U.S.C. Chapter 31. The Board’s adjudication took place under the AMA at the Veteran’s request. The Veteran and his representative were notified of the decision by correspondence dated in January 2020. The January 2020 correspondence contained information informing the Veteran that “You cannot request two Board Appeals in a row.” The issue on appeal has already been adjudicated by the Board. As such, a subsequent Board decision in April 2020 subsequently dismissed this claim. Furthermore, the Veteran’s claim for VR&E benefits has since been granted by the VA in a June 2020 decision. See June 2020 VR-64 Chapter 31 Positive Decision Letter. In the absence of any justiciable question, the appeal as to the claim must be dismissed. 38 U.S.C. § 7105.

The Board acknowledges the Veteran’s contentions, through his representative, that his claim for VR&E benefits should also be broadly construed as a claim for entitlement to an increased rating for his service-connected depression and for a total disability rating due to individual unemployability (TDIU). See March 2020 and June 2020 Appellate Brief. 

Effective on and after March 24, 2015, VA updated the regulations concerning the filing of claims. In part, the Department replaced the informal/formal claims process with a standardized and more formal process. See 38 C.F.R. § 3.155 (2015). As a result of the rulemaking, a complete claim on an application form is required for all types of claims. 38 C.F.R. § 3.155(d). A review of the record does not show that a formal claim on the appropriate standardized forms was submitted for an increased rating for the Veteran’s service-connected depression. Regarding the issue of TDIU, the Board notes that the United States Court of Appeals for Veterans Claims (Court) has held that a request for TDIU is part and parcel of a higher rating when raised by the record. See Rice v. Shinseki, 22 Vet. App. 447 (2009). However, there is no recognized claim for an increased/higher rating for any service-connected disability for a TDIU to be part and parcel to pursuant to Rice v. Shinseki. 

As indicated above, the Veteran opted into the Appeals Modernization Act (AMA) review system for the claim of VR&E benefits under the provisions of 38 U.S.C. Chapter 31. As pertinent to the instant case, 38 C.F.R. § 3.2400 provides that for legacy claims (those claims in which the appellant was provided notice of a decision prior to the effective date of the AMA), the modernized system applies where:

(1) the claimant with a legacy appeal elects to opt-in to the modernized review system on or after November 1, 2017, as part of a program authorized by the Secretary pursuant to Section 4 of Public Law 115-55; or; 

(Continued on the next page)

 

(2) a claimant with a legacy appeal elects to opt-in to the modernized review system, following issuance, on or after the effective date of the modernized system, of a VA Statement of the Case (SOC) or Supplemental Statement of the Case (SSOC), by filing for a review option under the new system in accordance with § 3.2500 on a form prescribed by the Secretary within the time allowed for filing a substantive appeal under 38 C.F.R. § 19.52(b) (2019) and other applicable provisions in Part 19 of this chapter.

As noted above, there is no legacy appeal related to the service-connected depression or TDIU in order to opt-in to AMA. Thus, there are no other claims appropriately before the Board to be considered.

 

 

S. HENEKS

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Cheng, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.